**Jerry Joe BIRD, Petitioner–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 90–2378.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1991.

Rehearing Denied March 6, 1991.

Douglas Tinker, Tinker, Tor & Brown, Corpus Christi, Tex. (court-appointed), for petitioner-appellant.

Andrea L. March, Robert S. Walt, Asst. Attys. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

Jerry Joe Bird appeals from the denial by a United States District Court of his petition for writ of habeas corpus. Bird was convicted of capital murder in October 1977, and sentenced to death by a Texas jury.

The Texas Court of Criminal Appeals affirmed Bird's conviction. *Bird v. State*, 692 S.W.2d 65 (Tex.Crim.App.1985). This conviction and sentence is his second for this offense. The first conviction was reversed by the Texas Court of Criminal Appeals. *Bird v. State*, 527 S.W.2d 891 (1975). After exhausting his state remedies, including applications for writ of habeas corpus, Bird filed a federal petition.

Bird's collateral attack of his state court conviction rested on five arguments. He argued that the exclusion of Spanish-surnamed individuals in the selection of a jury violated his equal protection and due process rights, that the decision of his direct appeal by the state court was unduly delayed, that the court erred by admitting testimony given at the first trial by an important witness assertedly unable to testify at the second trial, that the Texas death penalty scheme violates the eighth and fourteenth amendments, and finally that the trial court erred in not submitting the third of the three issues prescribed by the Texas Code of Criminal Procedure for the sentencing phase of capital cases. After full briefing and oral argument, we are persuaded that the denial of habeas corpus should be affirmed for essentially the reasons stated by the district court, with one exception.

The district court, *sua sponte*, raised and rejected a *Penry* claim never asserted by Bird. *See Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Bird asks that we vacate this ruling, because it assertedly denies him the right to personally develop such a claim, and that we remand the case to the federal district court to allow him that opportunity. He attaches to his brief materials in support of his contention that he would be able to develop evidence that might have been presented at a sentencing hearing, as well as reasons for not doing so. Were we to grant this course, the case would be left in an awkward procedural posture. Bird's *Penry* claim has not been presented to the state court, so we would be entertaining a petition containing both exhausted and unexhausted claims. Of course, we must dismiss mixed petitions, and that would send Bird and the state to square one. The difficulty here is caused by the district court's action in entertaining a claim that was never raised before. We do not say that a district court lacks the authority to raise claims *sua sponte*, or that it is never prudent to do so. Rather, we are persuaded that our best course of action in this case is to hew closely to the line of what is properly before us. As we see it, no *Penry* claims are properly in this case. We therefore vacate the district court's ruling regarding the *Penry* issues, modify the judgment accordingly, and affirm. This leaves no decision regarding any *Penry*-type claims Bird might have. We do not decide whether Bird may assert any *Penry* claims he might have in a subsequent proceeding in state court.

AFFIRMED IN PART, VACATED IN PART.