UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20608
_____

DARREL EUGENE ALEXANDER,

Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

December 21, 1998

Before WISDOM, DAVIS, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this state habeas action, in which the district court granted relief to Darrel Eugene Alexander, a Texas prisoner, on the grounds that his parole revocation was based on insufficient evidence and that the statute which served as the basis for that revocation had been declared unconstitutional by the Texas courts (the latter ground having been raised *sua sponte* by the court), primarily at issue is whether such relief could be granted, in that Alexander has not exhausted state remedies as to the state statutory issue. We **VACATE** and **REMAND** with instructions to dismiss the petition *without prejudice*.

I.

Alexander, who was convicted in Texas state court in 1986 for manufacturing a controlled substance and sentenced to 65 years imprisonment, was paroled in 1991. As a condition of parole, he was required to "[o]bey all municipal, county, state and federal laws".

In February 1995, Alexander's former common-law wife reported to the police that Alexander was stalking her. Later that month, she executed an affidavit accusing Alexander of stalking and harassment. But, the next month, she executed another affidavit to "clarify" her previous affidavit, stating that she had no personal knowledge of any threats and that Alexander did not "intend to harass, annoy, alarm, abuse, torment or embarrass anyone".

And, she testified at Alexander's parole revocation hearing that he did not threaten, stalk, or harass her. In May 1995, Alexander's parole was revoked for stalking/harassment.

Alexander filed an application in March 1997 for state habeas relief, claiming that there was insufficient evidence for the revocation. The application was denied without written order that May.

Alexander filed a petition for federal habeas relief in June 1997, again claiming insufficient evidence for the revocation.[*]

_____

[*] The petition was timely filed, because the one-year period of limitation was tolled during the pendency of Alexander's state habeas application. *See* 28 U.S.C. § 2244(d); ***Fields v.***

The magistrate judge recommended that relief be granted not only on the sufficiency ground, but also, *sua sponte,* on the ground that the Texas courts had held unconstitutional the stalking statute under which Alexander's parole had been revoked.

Notwithstanding the State's objections, including that the state statutory issue had not been exhausted in state court, the district court adopted the magistrate judge's recommendation. It ordered that Alexander's revocation be vacated and that he be reinstated on parole.

The district court denied the State's post-judgment motions for relief, granted Alexander's motion for a release order, and denied the State's motion to stay the judgment pending appeal. This court granted the State's motion for a stay and expedited the appeal.

## II.

The State contends that there was sufficient evidence to revoke Alexander's parole; alternatively, it contends that, because the State has not waived exhaustion, the district court lacked authority to grant relief *sua sponte* on the unexhausted state statutory issue. Alexander, *pro se*, does not dispute that the state statutory basis for his habeas relief has not been considered by the state courts; instead, he counters that the state process is ineffective and that the district court should be able to grant

---

*Johnson*, 159 F.3d 914 (5th Cir. 1998).

relief *sua sponte* on an unexhausted claim if proper circumstances exist.

In ***Bird v. Collins***, 924 F.2d 67 (5th Cir.), *cert. denied*, 501 U.S. 1213 (1991), the district court, *sua sponte*, raised and then *rejected* a claim that had never been asserted by the habeas petitioner and which, therefore, had not been exhausted in state court. Our court did not decide whether the district court had the authority to raise the claim *sua sponte*, but stated that the claim was not properly before our court, vacated the district court's ruling regarding that claim, and affirmed the judgment as modified. *Id*. at 68.

We need not decide whether, in this case, the district court could *sua sponte* raise the state statutory issue. We assume, *arguendo*, that it could. *See **id***. But here, unlike in ***Bird***, the district court *granted relief* on an unexhausted claim that had never been asserted by Alexander.

In addition, ***Bird*** was decided prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2241-55 (Supp. 1998), which is applicable to Alexander, because he filed for federal habeas relief after AEDPA's 24 April 1996 effective date. The Act provides in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus *may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.*
>
> (3) A State shall *not* be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement *unless the State, through counsel, expressly waives the requirement.*

28 U.S.C. § 2254(b) (emphasis added).

Although AEDPA authorizes a district court to *deny* relief on an unexhausted claim, *see **Jones v. Jones**, ___ F.3d ___, 1998 WL _____ (5th Cir. Dec. 16, 1998); **Nobles v. Johnson**, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, ___ U.S. ___, 118 S. Ct. 1845 (1998), it does *not* authorize a district court to *grant* relief on an unexhausted claim, "unless the State, through counsel, expressly waives the requirement". 28 U.S.C. § 2254(b)(3). The State has *not* done so in this case. Accordingly, the district court lacked authority to *grant* relief on the state statutory ground.

A habeas petition containing both exhausted and unexhausted claims is a "mixed" petition which should be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 & n.6 (5th Cir. 1998). Although Alexander did not assert the unconstitutionality of the Texas stalking statute as a ground for habeas relief, his federal habeas petition nevertheless became a "mixed" petition when the district court, *sua sponte*, raised, and granted relief on, that issue. And, as stated, Alexander urges that basis on appeal in support of affirmance of the judgment. Accordingly, the petition must be dismissed *without prejudice*, unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant". 28 U.S.C. § 2254(b)(1)(B).

Alexander maintains that exhaustion would be futile and that the current state process is ineffective. We disagree. Alexander has not requested habeas relief from Texas courts on the ground that the stalking statute which apparently served as the basis for his parole revocation is unconstitutional. Nor has he demonstrated that there is no available corrective process in the state courts or that there are circumstances that render such process ineffective.

Needless to say, the basis for the exhaustion doctrine codified in AEDPA is comity. *See Rose*, 455 U.S. at 516. As

- 6 -

reflected by the above-discussed AEDPA provisions, the interests of comity are served best in this instance by Texas courts having an opportunity to consider whether Alexander's parole was revoked on the basis of an unconstitutional state statute.

Along this line, and in the event that Alexander is unsuccessful in obtaining relief in Texas courts, the instant federal court dismissal of his claims without prejudice will not bar him from renewing his claim for federal habeas relief, should the State assert, if and when he does so, that his renewed petition is successive. *See* **In re Gasery**, 116 F.3d 1051, 1052 (5th Cir. 1997) (refiling of federal habeas petition following dismissal of original petition without prejudice for failure to exhaust state remedies is continuation of first collateral attack, and thus not a "successive petition" within the meaning of 28 U.S.C. § 2244(b)); *see also* **Stewart v. Martinez-Villareal**, ___ U.S. ___, 118 S. Ct. 1618, 1622 (1998) (noting that Court has never "suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition").

## III.

For the foregoing reasons, the judgment is **VACATED** and this case is **REMANDED** to the district court with instructions to dismiss without prejudice.

*VACATED and REMANDED*

- 7 -