# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-30072

---

LARRY DONAHUE,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

November 13, 2000

Before POLITZ, JONES, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:

Larry Donahue appeals the grant of a writ of habeas corpus issued under 28 U.S.C. § 2254. Concluding that relief was predicated on an issue not properly before the district court but finding that the evidence was insufficient to support the conviction, we modify and, as so modified, affirm the grant of habeas relief.

## BACKGROUND

On the morning of May 27, 1988, West Feliciana Parish Sheriff William Daniel, in plain clothes and in his unmarked truck, responded to a call concerning a suspicious man who was using a pay telephone in the West Feliciana Parish High School Building. As Daniel neared the school he saw Donahue exit the building followed by the school's principal and two assistant principals. While still inside the truck, and approximately 100 feet distant, Daniel saw Donahue take a pistol from under his shirt. Daniel jammed the brakes of his truck and exited the vehicle with his shotgun. While Daniel was still exiting the truck, Donahue ran for cover, firing a shot in Daniel's direction. Donahue then ran behind a nearby car and fired a second and third shot in the direction of the sheriff. After the third shot there was some hesitation. Daniel, without identifying himself, ordered Donahue to drop his gun. Donahue responded that Daniel should drop his gun. Daniel then replied that he was the sheriff. Donahue asked to see a badge. The sheriff produced his badge and Donahue immediately dropped his weapon and surrendered.[1]

Donahue was tried and convicted by a Louisiana state court jury of attempted first-degree murder of a peace officer, in violation of La. Rev. Stat. Ann. §§ 14:27 and 14:30(A)(2), and was sentenced to life in prison. On appeal, Donahue asserted that there was insufficient evidence to support the conviction, that the trial court erroneously denied his requested jury instruction regarding assault and aggravated assault, and that he had been erroneously sentenced as a multiple offender. Louisiana's First Circuit

---

[1]Donahue recently had escaped from Louisiana State Penitentiary at Angola and had seized the pistol from one of the prison guards in a parking lot at the penitentiary.

Court of Appeal affirmed the conviction but remanded for resentencing.[2] Donahue was resentenced to thirty-five years' imprisonment. He did not seek further direct review.

In 1993 Donahue filed an application for post-conviction relief with the state trial court asserting nine grounds for relief, including the claim that the evidence was insufficient to support his conviction because the state failed to prove that he was aware, at the time of the shooting, that Daniel was a peace officer. The trial court denied Donahue's application and both the First Circuit Court of Appeal and the Louisiana Supreme Court denied supervisory and remedial writs.[3]

Donahue subsequently filed the instant federal habeas petition under 28 U.S.C. § 2254, again contending that the evidence was insufficient to support his conviction because it was not shown that he knew that Daniel was a peace officer. The petition was referred to a magistrate judge who issued a report concluding that there was no evidence from which a reasonable trier of fact could find that Donahue knew or should have known that Daniel was a peace officer at the time the offense was committed. Accordingly, the magistrate recommended that the writ of habeas corpus be granted.

The district court ordered a hearing on the state's objections to the magistrate judge's report. After the hearing the court ordered briefing, *inter alia*, as to whether it is an element of the offense of attempted first-degree murder of a peace officer that the defendant have actual or implied knowledge of the peace officer's identity. In its brief, the state conceded that knowledge of the victim's identity at the time the offense

---

[2]**State v. Donahue,** 572 So.2d 255 (La. App. 1990).

[3]**State** *ex rel.* **Donahue v. Cain,** 692 So.2d 385 (La. 1997) (table).

is committed is required, but insisted that the facts proved beyond a reasonable doubt that Donahue knew Daniel was a police officer when he fired the pistol. After conducting a subsequent hearing on the state's objections, the district court ordered briefing on whether the jury was instructed that knowledge of the intended victim's identity was an element of the crime, whether there was an objection to the jury charge and, further, if not, whether the issue was barred from collateral review under Louisiana's contemporaneous objection rule. Additionally, the court directed the parties to address whether Donahue could be retried if the court granted the writ on the basis of either trial error or insufficiency of the evidence.

In his brief, Donahue contended that, although he failed to object to the jury's instructions, he nonetheless was entitled to the contemporaneous objection rule's exception for jury instructions that misstate the elements of an offense. Donahue further asserted that, because there was insufficient evidence to show that he knew Daniel was a peace officer, the court should award habeas relief on that basis, as such an order would bar retrial.

Ultimately, the district court granted Donahue a writ of habeas corpus "for essentially the reasons" set forth in the magistrate judge's report "and for the additional reasons that follow." The court noted that "the critical issue in this case is the adequacy of the jury instructions, rather than the sufficiency of the evidence presented to the jury." The district court held that because the instructions failed to require the jury to find beyond a reasonable doubt an essential element of the crime, Donahue's conviction must be reversed. The court ordered the state to retry Donahue on either the same charge or "such new charge as the state may decide" within 120 days of entry of

4

the final judgment.

Donahue filed a timely notice of appeal which the district court construed as a request for a Certificate of Appealability. The court granted a COA on the issue "whether the district court erred in failing to rule on petitioner's claim of insufficient evidence." Donahue did not seek a stay of the district court's order and, while this appeal was pending, he was retried and convicted on a charge of attempted second-degree murder.[4] He was sentenced to 50 years' imprisonment, the maximum penalty under the statute and fifteen years greater than the sentence received on the first conviction.

## ANALYSIS

The instant habeas petition was filed in 1997 and, as such, our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996.[5] We review the district court's conclusions of law *de novo* and will uphold its findings of fact unless they are clearly erroneous.[6]

Donahue contends that the district court erred in failing to rule on his claim that there was insufficient evidence to support his conviction. We agree. As noted, the district court focused on whether the trial court improperly charged the jury on the

---

[4]If a petitioner fails to apply for a stay of the district court's order or, alternatively, if the application is denied, "any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending." 28 U.S.C. § 2251.

[5]**Lindh v. Murphy,** 521 U.S. 320 (1997).

[6]**Thompson v. Cain,** 161 F.3d 802 (5th Cir. 1998); **Gochicoa v. Johnson,** 118 F.3d 440 (5th Cir. 1997), *cert. denied,* 522 U.S. 1121 (1998).

requisite elements of attempted first-degree murder of a peace officer. This issue, however, was not exhausted in the state courts, as it was not raised by Donahue on direct appeal nor asserted in his state application for post-conviction relief. Further, Donahue did not assert this claim in the instant federal habeas petition. Accordingly, the issue was not properly before the district court.[7]

In addition, under the AEDPA a district court lacks authority to grant habeas relief on a claim that has not been exhausted in the state court unless the state expressly waives the exhaustion requirement under § 2254(b)(3). No such waiver was made herein.[8] Accordingly, we must conclude that the district court erred in failing to address the only critical issue properly before it: specifically, whether the evidence adduced at Donahue's trial was sufficient to support his conviction for attempted first-degree murder of a peace officer.

---

[7]**Bird v. Collins,** 924 F.2d 67 (5th Cir. 1991). *See also* **Alexander v. Johnson,** 163 F.3d 906 (5th Cir. 1998). Although the court in **Alexander** reversed the grant of habeas relief and ordered the petition dismissed without prejudice, we decline to do so here. In **Alexander,** the petitioner urged this court to affirm the grant of the writ on the grounds raised *sua sponte* by the district court. Thus, the purpose of the AEDPA and the principles of comity were better served by dismissing the petition, thereby leaving Alexander to pursue his newly relied upon claim for relief in the state court. **Alexander,** 163 F.3d at 908-09. In the instant case, Donahue seeks a reversal of the district court's order and affirmatively disavows reliance on the jury instruction issue. We therefore decline to dismiss the entire petition, which effectively would send both Donahue and the state back "to square one." **Bird,** 924 F.2d at 68.

[8]**Alexander v. Johnson,** 163 F.3d 906 (5th Cir. 1998). 28 U.S.C. § 2254(b)(3) provides: "A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."

Addressing the merits of the petition, Donahue contends that there was insufficient evidence to prove that he knew or reasonably should have known that Sheriff Daniel was a peace officer at the time the offense was committed. Under the AEDPA, a writ of habeas corpus shall not issue under § 2254(d) unless the state court adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[9]

In reviewing a claim of insufficient evidence, we must determine whether, "viewing the evidence 'in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[10] To apply this standard we look to the elements of the offense as defined by state substantive law.[11]

On Donahue's direct appeal, the Louisiana First Circuit Court of Appeals held that the evidence was sufficient to establish Donahue "had the specific intent to kill a human being, *who was a peace officer* engaged in the performance of his lawful duties, and that [Donahue] performed an act(s) tending directly toward accomplishing his

---

[9]28 U.S.C. § 2254(d) .

[10]**Dupuy v. Cain,** 201 F.3d 582, 589 (5th Cir. 2000) (quoting **Jackson v. Virginia,** 443 U.S. 307, 319 (1979)).

[11]**Miller v. Johnson,** 200 F.3d 274 (5th Cir. 2000), *petition for cert. filed,* (U.S. Apr. 3, 2000) (No. 99-9891); **Foy v. Donnelly,** 959 F.2d 1307 (5th Cir. 1992).

objective."[12]   As the state concedes, and as Judge Savoie urged in his dissent, Louisiana law requires the state to prove that the offender had actual or implied knowledge of the victim's status as a peace officer in order to convict a defendant of attempted first-degree murder of a peace officer.[13]   Thus, the charge posited to us is whether the evidence adduced at trial would lead a rational trier of fact to conclude beyond a reasonable doubt that Donahue knew or reasonably should have known that Sheriff Daniel was a peace officer at the time he fired the pistol in Daniel's direction. Our review of the record persuades beyond peradventure that it would not.

The record establishes that Sheriff Daniel approached Donahue in an unmarked vehicle.  The sheriff was not in uniform.  The red light affixed to the truck's dashboard was covered, thereby obscuring it from Donahue's view.  Daniel did not identify himself upon exiting the vehicle and, although he was wearing his Sheriff's badge, Daniel testified at trial that Donahue was not in a position to see it.  On these facts, we must conclude that the evidence was insufficient to prove that Donahue knew Sheriff Daniel was a peace officer prior to his so identifying himself.

In so holding, we reject the state's contention that because Donahue was an escapee from Angola, "he should have known that any armed person who tried to apprehend him would most likely be a peace officer."  This contention is belied by the fact that when Daniel finally identified himself and produced his badge, Donahue

---

[12]**State v. Donahue,** 572 So.2d 255, 258-59 (La. App. 1990) (emphasis added).

[13]**State v. Johnson,** 665 So.2d 1237 (La. App. 1995); **State v. Guidry,** 647 So.2d 511 (La. App. 1994); **Donahue,** 572 So.2d at 261-62 (Savoie, J. dissenting); LA. REV. STAT. ANN. § 14:30(A)(2).

immediately dropped his gun and surrendered. We likewise reject the claim that Donahue knew Sheriff Daniel because the sheriff had worked at Angola from 1979 to 1983 and was well known by the inmates. The record is totally devoid of any evidence to support this claim. The only potentially supportive evidence is the fact that the truck had a whip antenna. This fact, however, without more, does not signify that the truck was a law enforcement vehicle. Many vehicles have such antennas, particularly in rural Louisiana parishes. We therefore conclude and hold that the evidence was insufficient to support Donahue's conviction for attempted first-degree murder of a peace officer. The writ of habeas corpus must issue on this basis.          One final note. In **Burks v. United States,**[14] the Supreme Court held that when a conviction is reversed for insufficient evidence the Double Jeopardy Clause bars the state from conducting a retrial on the same charge.[15] Donahue subsequently was tried and convicted of attempted second-degree murder. The state candidly and appropriately conceded at oral argument that double jeopardy would bar a retrial on this charge.[16]

We affirm the grant of the writ of habeas corpus, modifying same to provide that his conviction of attempted murder of a peace officer is to be nullified for failure of evidence. On remand the district court is to enter an appropriate order of nullification.

AFFIRMED as MODIFIED and REMANDED.

---

[14]437 U.S. 1 (1978).

[15]**Id.** at 15-16.

[16]**State** *ex rel.* **Robinson v. Blackburn,** 367 So.2d 360 (La. 1979); LA. CODE CRIM. PROC. ANN. art. 596 (West 1981). *See also* **Carter v. Estelle**, 691 F.2d 777 (5th Cir. 1982).