**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-40934
Summary Calendar**

_____

**GARRY WILLIAMS,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(5:99-CV-226)**

_____

April 16, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Pursuant to a certificate of appealability granted by the district court, Garry Williams (TDCJ # 512111) appeals the district court's determination that his habeas corpus petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). Williams asserted in his petition that his calendar time and good-time credits unconstitutionally were forfeited after he was reincarcerated on a parole violation. He contends that he is in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the custody of an administrative agency; and that, therefore, § 2244(d) does *not* apply.  He also contends that a parole revocation is *not* the equivalent of a conviction.

Williams' contentions are without merit; his challenge to the denial of sentencing credit for the time he spent on parole, "although directly arising from an order of the pardon and parole board, nevertheless also is one arising" from the judgment of a state court.  *See* **Newby v. Johnson**, 81 F.3d 567, 569 (5th Cir. 1996).  Section 2244(d), by its terms, applies to "an application for a writ of habeas corpus by a person in custody pursuant to the *judgment of a State court*".  *See* § 2244(d)(1) (emphasis added).  In **Alexander v. Johnson**, 163 F.3d 906, 907 n.1 (5th Cir. 1998), this court noted that a petition, which challenged the revocation of parole, was "timely filed" under § 2244(d).

We do *not* consider the contentions raised for the first time by Williams in his reply brief.  *See* **Stevens v. C.I.T. Group/Equip. Fin., Inc.**, 955 F.2d 1023, 1026 (5th Cir. 1992); *see also* **Knighten v. C.I.R.**, 702 F.2d 59, 60 n.1 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).

*AFFIRMED*