UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20308
_____

STANLEY ALLISON BAKER, Jr.

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(4:99-CV-806)
_____

October 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Petitioner Stanley Allison Baker (Baker), convicted of capital

murder in Texas and sentenced to death, requests from this Court a

Certificate of Appealability (COA) pursuant to 28 U.S.C. §

2253(c)(2). In an attempt to make a substantial showing of the denial

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a constitutional right, Baker raises the following issues in his COA: (1) the Texas Court of Criminal Appeals' refusal to determine the sufficiency of the evidence to support the jury's negative answer to the mitigation special issue; and (2) the trial court's failure to submit a parole instruction. Concluding that Baker has failed to make the requisite showing, we DENY his request for a COA.

I.    FACTUAL AND PROCEDURAL HISTORY

In 1995, a jury convicted Baker of the capital offense of the intentional murder of Wayne Walters while in the course of committing and attempting to commit robbery pursuant to § 19.03(a)(2) of the Texas Penal Code. At the conclusion of the punishment phase, two special issues were submitted to the jury pursuant to article 37.071 § 2(b) and (e) of the Texas Code of Criminal Procedure. Based on the jury's responses, the trial court sentenced Baker to death. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and sentence. *Baker v. State of Texas*, 956 S.W.2d 19 (Tex.Crim.App. 1997).

Baker filed an application for state habeas relief, and, after conducting an evidentiary hearing, the trial court recommended denying relief. In an unpublished order, the Texas Court of Criminal Appeals denied relief, stating that the trial court's findings of fact and conclusions of law were supported by the record and that Baker's allegations were without merit.

Subsequently, Baker filed the instant federal habeas petition in

2

district court.  The district court denied his petition and his request for a COA.  Baker now requests a COA from this Court.

II.  ANALYSIS

A.    STANDARDS OF REVIEW

Baker filed his section 2254 application for habeas relief after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA).  His application is therefore subject to the AEDPA.  *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).  Under the AEDPA, a petitioner must obtain a COA.  28 U.S.C. § 2253(c)(2).  A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394 n.4 (1983) (citation and internal quotation marks omitted).  Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997).

To determine whether a COA should be granted, we must be mindful of the deferential scheme set forth in the AEDPA.  *Hill v.*

*Johnson,* 210 F.3d 481, 484-85 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2254(d), we defer to a state court's adjudication of petitioner's claims on the merits unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1519-20 (2000). A state court's decision constitutes an unreasonable application of clearly established federal law if it is objectively unreasonable. *Id.* at 1521.

Further, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Section 2254(e)(1).

B.   DENIAL OF MEANINGFUL APPELLATE REVIEW

On direct appeal, Baker argued that the evidence was insufficient to support a finding that there were no mitigating circumstances to

4

warrant that a sentence of life imprisonment be imposed.[1]  The Texas

Court of Criminal Appeals refused to review the claim, opining as

follows:

> [W]e have previously stated that we will not review sufficiency of the evidence as regards the mitigation special issue. *McFarland v. State,* 928 S.W.2d 482 (Tex.Cr.App. 1996).  The weighing of mitigating evidence is a subjective determination undertaken by each individual juror, and we decline to review that evidence for sufficiency. *Id.* at 498.  Finally, we have previously held that article 44.251 does not require this Court to conduct a sufficiency review of the mitigation issue.  *Id.*

*Baker v. State,* 956 S.W.2d 19, 22 (Tex.Crim.App. 1997).

In his state habeas application, Baker did not argue that he had

been denied meaningful appellate review of the jury's determination of

the mitigating special issue.  Based on his failure to exhaust the

claim, the respondent argued in federal district court that Baker's

claim should be procedurally barred.  *See Nobles v. Johnson,* 127 F.3d

---

[1]  Article 37.071(e)(1) of the Texas Code of Criminal Procedure mandates that:

> The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b) of this article, it shall answer the following issue:
> Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

5

409, 423 (5th Cir. 1997). Notwithstanding the respondent's argument, the district court denied Baker's claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).

On appeal, the respondent reurges its argument that Baker's claim is procedurally barred. We, like the district court, deny relief based on the merits of the claim under 28 U.S.C. § 2254(b)(2).[2]

In *Hughes v. Johnson*, 191 F.3d 607, 622-23 (5th Cir. 1999), the petitioner argued that due process requires independent appellate review of whether the mitigating evidence undermines his deathworthiness. We recognized that when a state provides for the imposition of a death sentence within the discretion of a jury, the defendant "has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivations by the State." *Id.* at 623 (quoting *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229 (1980)).

We explained, however, that while some states require independent review of a death sentence, Texas has no such requirement. "Texas is a 'non-weighing state' in that its capital-sentencing scheme does not direct the appellate court or even the jury to 'weigh' aggravating

---

[2] We note our precedent suggests that, absent an applicable exception to the exhaustion requirement, federal courts lack the power to *grant* relief on unexhausted claims. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998).

factors against mitigating ones." *Id.* at 623 (citing *James v. Collins,* 987 F.2d 1116, 1120 (5th Cir. 1993); *Williams v. Cain,* 125 F.3d 269, 281, 283 (5th Cir. 1997)).  In non-weighing states, the statutory aggravating factors fulfill the Eighth Amendment purpose of "narrow[ing] and channel[ing] the jury's discretion by separating the class of murders eligible for the death penalty from those that are not."  *Id.* We therefore rejected his claim, stating that precedent did not support his argument that due process requires independent appellate review of the mitigating circumstances.  *Id.*

Additionally, in *Beazley v. Johnson,* 242 F.3d 248, 260 (5th Cir. 2001), the petitioner similarly challenged the Court of Criminal Appeals' practice of refusing to review the sufficiency of mitigating evidence.  This Court concluded that "[t]o the extent Beazley raises a constitutional claim, we conclude that, regardless of whether the Texas court reviews the jury verdict under the mitigation special issue or the future dangerousness special issue, 'meaningful appellate review' has been afforded."  *Id.* at 261 (quoting *McFarland v. Texas,* 928 S.W.2d 482, 498 (Tex.Crim.App. 1996)).

In the case at bar, it is undisputed that the Court of Criminal Appeals reviewed the sufficiency of the evidence with respect to the jury's finding of future dangerousness.  *See Baker,* 956 S.W.2d at 21 (holding that the evidence was sufficient to support the jury's finding

7

of future dangerousness).[3]

As such, under our precedent, Baker has not made a substantial showing of the denial of a constitutional right.

C.    JURY INSTRUCTION REGARDING PAROLE ELIGIBILITY

Baker next contends that he is entitled to a COA based on the state trial court's failure "to sua sponte instruct the jury on the minimum time he would have to serve before attaining parole eligibility."

Shortly after beginning its deliberations at the penalty phase, the

---

[3] Before concluding that the evidence was sufficient to show future dangerousness, the Court reviewed the evidence as follows:

> The evidence, viewed in a light most favorable to the jury's finding, shows the following: Appellant intended to kill his former employer. After walking nearly two miles in pursuit of his plan, he became hot and decided to steal a truck. He went into the Adult Video Store in College Station, where Wayne Williams, the night clerk, was working alone. Appellant took from Williams the keys to his truck, the currency from the cash register, and the night's receipts. Appellant then shot Williams three times. Appellant fled the scene in William's vehicle, returned home and loaded the stolen vehicle with his gear. The items found in the vehicle included the murder weapon, ammunition, a brass knuckled stiletto, a bulletproof vest, a garrote, and a variety of survival gear. In a notebook seized by police, appellant had written his goals for the year, which included, "30+ victims dead. 30+ armed robberies. Steal a lot of cars." Furthermore, on the day of his arrest appellant showed no remorse. We hold that the evidence presented in the instant case is sufficient to support the jury's finding regarding appellant's future dangerousness.

956 S.W.2d at 21.

jury sent a note to the trial court with the following question: "Is life in prison really life in prison, or is the prisoner able to be paroled at some future date[?]" The trial court proposed responding with an instruction that no further instructions could be given. The court then inquired as to the position of the State. The prosecutor stated that he would defer to defense counsel. Defense counsel expressly stated that "we would go with the instruction that the judge prepared."[4]

In *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187 (1994), the Supreme Court held that if a defendant's future dangerousness is at issue and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is ineligible for parole. This Court has explained *Simmons* requires that a jury be informed with respect to a defendant's parole ineligibility only when (1) the state argues that a defendant represents a future danger to society, and (2) the defendant is legally ineligible for parole. *Allridge v. Scott*, 41 F.3d 213, 222 (5th Cir. 1994) (footnote omitted). *Simmons* is inapposite. The defendant in *Simmons* was not eligible for parole. Because Baker would have been eligible for parole under Texas law if sentenced to life, our precedent renders his

---

[4] Subsequently, during a hearing on a motion for new trial, defense counsel explained that he had "hoped [the jury] would think life meant life."

reliance on *Simmons* "unavailing." *Id.*[5] *See also Johnson v. Scott,* 68 F.3d 106, 112 (5th Cir. 1995) ("We have consistently held, however, that neither the due process clause nor the Eighth Amendment compels instructions on parole in Texas.")

Here, it is undisputed that Texas did not statutorily provide a sentence of life without parole at the penalty stage.  Indeed, Baker concedes that prior Fifth Circuit law "is against him." Nonetheless, he asserts that in light of a study that "confirms that the more accurate knowledge a jury has of a defendant's actual time to be served with a life sentence, the greater likelihood of a defendant receiving that sentence," we should look at this claim anew.[6]  Of course, pursuant to our intra-circuit rule of stare decisis, one panel may not overrule a prior decision of this Court in the absence of an intervening contrary or superseding decision by this Court sitting en banc or by the United

---

[5]  Recently, the Supreme Court has reaffirmed the application of its decision in *Simmons.  See Shafer v. South Carolina,* __ U.S. __, 121 S.Ct. 1263 (2001).  Under South Carolina's new sentencing scheme, if the jury does not unanimously find a statutory aggravating circumstance, a life sentence with parole eligibility after thirty years is an option. S.C.Code Ann. § 16-3-20(A) (Supp. 1993).  However, upon finding the presence of a statutory aggravating circumstance, the jury has no choice other than to recommend a sentence of either death or life imprisonment without parole.  In *Shafer,* the Supreme Court held that "whenever future dangerousness is at issue in a capital sentencing proceeding under South Carolina's new scheme, due process requires that the jury be informed that a life sentence carries no possibility of parole." *Id.* at 1273.

[6]  The study Baker cites is William J. Bowers and Benjamin D. Steiner, *Death by Default:  An Empirical Demonstration of False and Forced Choices in Capital Sentencing,* 77 Tex.L.Rev. 605 (1999).

States Supreme Court. *Billiot v. Puckett,* 135 F.3d 311, 316 (5th Cir. 1998).

Accordingly, in light of this Court's precedent, Baker cannot make a substantial showing of the denial of a constitutional right with respect to his challenge to the jury instructions.[7]

For the above reasons, we conclude that Baker has not made a substantial showing of the denial of a constitutional right and DENY

---

[7]     Finally, under the heading of "Ineffective Assistance of Counsel Claims," Baker asserts that the district court "applied a far too restrictive degree of deference to the state legal conclusions. Under the appropriate standard of *Williams v. Taylor,* [he] would be entitled to relief." That is the entirety of his argument. Because Baker failed to brief any claim of ineffective assistance of counsel, he has effectively abandoned any such claim. *See Trevino v. Johnson,* 168 F.3d 173, 181 n.3 (5th Cir. 1999) (explaining that a list of 11 additional, undeveloped arguments were waived); *see also Martin v. Cain,* 246 F.3d 471, 475 n.1 (5th Cir. 2001) (noting that we refused to consider claims that were not briefed even though petitioner requested a COA with respect to the "full range" of ineffective assistance claims).

In any event, the district court denied Baker's petition prior to the Supreme Court's decision in *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495. In *Williams,* the Supreme Court explained that when making the "unreasonable application" determination, federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. 120 S.Ct. at 1521. The Court specifically noted that, in *Drinkard v. Johnson,* 97 F.3d 751 (5th Cir. 1996), we apparently had applied the reasonable jurist standard in a subjective manner. *Id.* at 1522.

Here, although the district court did cite *Drinkard* in its opinion, it did not appear to apply the overly stringent standard. Indeed, it properly analyzed Baker's non-procedurally defaulted claims of ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984), and concluded at one point that the "state court's findings and conclusions comport with established federal law." The district court agreed with the state court's determinations under *Strickland.* In other words, because the district court agreed with the state court's application of federal law, it never had to decide whether the application of law was objectively or subjectively unreasonable.

11

his request for a COA.

DENIED.