IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30042
_____


PETER MERCADEL,

                              Petitioner-Appellant,

        v.

BURL CAIN, Warden, Louisiana State Penitentiary; RICHARD P
IEYOUB, Attorney General, State of Louisiana,

                              Respondents-Appellees.

_____

        Appeal from the United States District Court
          for the Eastern District of Louisiana
_____
                    June 21, 1999
Before KING, Chief Judge, and REAVLEY and BENAVIDES, Circuit
Judges.

PER CURIAM:

        Peter Mercadel appeals the district court's denial of
habeas relief on the merits of his claim that he was deprived of
the effective assistance of counsel on direct appeal because his
attorney filed only an errors-patent brief on his behalf.  We
conclude that Mercadel has failed to fairly present this claim to
the Louisiana state courts, and therefore that he has failed to
exhaust his state court remedies.  We therefore vacate the
district court's judgment and remand with instructions to dismiss
Mercadel's habeas application without prejudice to allow him to

exhaust his remedies in Louisiana state court.

## I.   FACTUAL AND PROCEDURAL HISTORY

In 1976, Peter Mercadel was convicted of second-degree murder in Louisiana state court and sentenced to life imprisonment.  In 1977, Mercadel filed an application for a writ of habeas corpus in Louisiana criminal district court, arguing that his attorney's failure to file a timely appellate brief on his behalf violated his rights under the Fifth, Sixth and Fourteenth Amendments.  The Louisiana Supreme Court apparently construed his habeas corpus application as a writ of mandamus and granted Mercadel an out-of-time appeal.  On June 23, 1980, Mercadel's appellate counsel, Dwight Doskey, filed an appellate brief with the Louisiana Supreme Court on behalf of Mercadel. The appellate brief was, including the cover page, the table of contents, and the certification, only four pages long.  After setting forth the statement of the case, the brief addressed only one issue:

> ASSIGNMENT OF ISSUE No. 1
> Defendant respectfully requests the Court to review the record for error patent on the face of the record.  La. Constitution of 1974, Article 1, Section 19, State v. Martin, 329 So.2d 688 (La. 1975).  In accord with such a review, the defendant asks the Court to reverse his conviction and sentence.

On October 15, 1980, the Louisiana Supreme Court affirmed Mercadel's conviction without a formal opinion.  See State v. Mercadel, 391 So. 2d 1182 (La. 1980).

On April 6, 1983, Mercadel filed another habeas petition in

2

state court, alleging that the evidence was insufficient to support his conviction.  After the Louisiana Supreme Court granted Mercadel's motion for a writ of mandamus and ordered the trial court to rule on the habeas petition, the state trial court denied Mercadel collateral relief in a one-page order.  In total, the trial court ruled:

> In his writ, petitioner contends that the evidence adduced at trial was insufficient to sustain a conviction.
> This case was argued before the Supreme Court of Louisiana who affirmed said conviction on October 15, 1980 in case number 66,998.
> Accordingly, the writ is denied.

In June 1994, Mercadel filed another application for post-conviction relief, this time in the Louisiana Supreme Court.[1]  In this application, Mercadel raised the issue before us today, i.e., whether he was denied the effective assistance of counsel on direct appeal.  Two years later, on June 28, 1996, the Louisiana Supreme Court rejected this claim in a one-word order in which the court stated that his application was "[d]enied."

On May 23, 1997, Mercadel, proceeding pro se, filed an application for habeas relief in the United States District Court for the Eastern District of Louisiana.  In his federal habeas

---

[1] It also appears from the record that at some point between 1983 and 1991, Mercadel filed a "blanket" application for post-conviction relief and a motion for an extension of time within which to file a more specific application for collateral relief. Mercadel appealed the trial court's denial of these motions to the Louisiana Supreme Court, which affirmed the trial court's dispositions on September 18, 1992.

application, he argued that he was constructively denied his Sixth Amendment right to the effective assistance of counsel on direct appeal.  The district court denied the application; after noting that the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applied, the court ruled that the application was untimely under 28 U.S.C. § 2244(d), and, alternatively, that the Louisiana Supreme Court's resolution of the Sixth Amendment issue did not constitute an unreasonable application of clearly established federal law as determined by the Supreme Court under 28 U.S.C. § 2254(d)(1).  A panel of this court granted Mercadel a certificate of appealability (COA) to appeal the issue of "whether Mercadel was constructively denied counsel when his appellate attorney filed only an 'errors-patent' brief on his behalf."[2]  This timely appeal followed.

## II.  DISCUSSION

### A.  Adjudication on the Merits

Mercadel filed his habeas application after April 24, 1996, and it is therefore subject to AEDPA.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  Under AEDPA, we may not grant collateral

---

[2] In our order granting Mercadel a COA, we noted that because the district court did not toll the applicable one-year statute of limitation for the time during which Mercadel had a properly filed state habeas petition pending, the court incorrectly ruled that Mercadel's application was time-barred. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (holding that petitioner whose conviction became final before enactment of AEDPA may rely on 28 U.S.C. 2244(d)(2)'s tolling provisions). Respondents do not pursue the timeliness issue on appeal.

4

relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d). The first question we must consider is whether the Louisiana Supreme Court's one-word denial of Mercadel's June 1994 motion for post-conviction relief is an adjudication on the merits to which we must defer under AEDPA.

In this circuit, the question of whether a state court's decision is an adjudication on the merits turns on "the court's disposition of the case--whether substantive or procedural." Green v. Johnson, 116 F.3d 1115, 1121 (5th Cir. 1997) (discussing whether state court's decision constituted a resolution on the merits, the pre-AEDPA equivalent of an adjudication on the merits); see Fisher v. Texas, 169 F.3d 295, 299-300 (5th Cir. 1999) (applying Green to adjudication on the merits analysis). Under the test outlined in Green, we determine whether a state court's disposition of a petitioner's claim is on the merits by considering:

> (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits.

5

116 F.3d at 1121.

Consideration of these factors leads us to conclude that the Louisiana Supreme Court's denial of relief on Mercadel was on procedural grounds, and therefore not on the merits. The third Green factor does not come into play in this case; the Louisiana Supreme Court's one-word rejection of Mercadel's petition is silent as to the reason for the denial of relief. However, our thorough review of the record convinces us that the first and second Green factors weigh heavily in favor of our treating the state court denial as a procedural decision. Mercadel addressed his July 1994 habeas application to the Louisiana Supreme Court, rather than "the district court for the parish in which the petitioner was convicted."[3] LA. CODE CRIM. PROC. ANN. art. 926(A) ("An application for post conviction relief shall be by written petition addressed to the district court for the parish in which the petitioner was convicted."). Obviously, the Louisiana Supreme Court lacks original jurisdiction to hear the merits of state prisoners' habeas petitions; its normal role is, of course,

---

[3] In his habeas petition, Mercadel cites Louisiana Supreme Court Rule 27 and Louisiana Constitution Article 1, Sections 19 and 21 in support of his assertion that the Louisiana Supreme Court has original jurisdiction over his petition. However, none of these provisions grant the Louisiana Supreme Court the power to entertain a state prisoner's habeas petition in the first instance. See La. Sup. Ct. Rule 27 (approving a Uniform Application for Post-Conviction Relief for use in habeas petitions); LA. CONST. art. 1, § 19 ("No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review . . . ."); LA. CONST. art. 1, § 21 ("The writ of habeas corpus shall not be suspended.").

6

to review the decisions made by Louisiana state courts that are granted original jurisdiction to hear such claims. Thus, the history of the case suggests that the Louisiana Supreme Court was aware of a ground for not adjudicating the case on the merits; article 926(E) of the Louisiana Code of Criminal Procedure provides that "[i]nexcusable failure of the petitioner to comply" with the filing requirements "may be a basis for dismissal of his application."

Further, the first <u>Green</u> factor, "what the state courts have done in similar cases," <u>Green</u>, 116 F.3d at 1121, suggests strongly that the Louisiana Supreme Court did not adjudicate the merits of Mercadel's Sixth Amendment claim. The Louisiana Supreme Court has consistently refused to consider the merits of state court prisoners' habeas petitions originally filed in its court. <u>See, e.g.</u>, <u>State v. Shoemaker</u>, 558 So. 2d 597, 597 (La. 1990) (stating that habeas petition was "[n]ot considered" because petitioner "has not petitioned the juvenile and district courts for the relief he now seeks," and advising that petitioner should "present his claims to the appropriate lower courts") (citing LA. CODE CRIM. PROC. ANN. art. 926); <u>State ex rel. Lay v. First Circuit Court of Appeal</u>, 541 So. 2d 853, 853-54 (La. 1989) (denying relief to habeas petitioner because "[t]here is no indication that relator applied for and has been denied post conviction relief in the district court. Relator should file his application in the court below . . . ."); <u>State v. Bob</u>, 541 So.

7

2d 863, 863 (La. 1989) (stating that habeas relief was "[d]enied" because petitioner "must first seek relief from trial court by application for post-conviction relief . . . ."); State v. Washington, 533 So. 2d 5, 5-6 (La. 1988) (same); State v. Miller, 508 So. 2d 815, 815 (La. 1987) (same).  Thus, if the Louisiana Supreme Court was aware of the fact that the filing was improper, it appears that it would have dismissed the petition pursuant to Louisiana Code of Criminal Procedure art. 926(E) as a matter of course.

In sum, we conclude that the AEDPA deference scheme outlined in 28 U.S.C. § 2254(d) does not apply to Mercadel's application. The obvious procedural defect in Mercadel's filing of his petition in the Louisiana Supreme Court instead of the district court, coupled with the Louisiana Supreme Court's consistent practice of denying such improperly-filed petitions without considering the merits of the underlying claim, dictates this result.

## B.  Exhaustion of State Court Remedies

We may not proceed directly to a de novo review of Mercadel's Sixth Amendment claim, however, because it appears that the fact that Mercadel improperly filed his habeas petition including that claim with the Louisiana Supreme Court leads inexorably to the conclusion that he has failed to exhaust his state court remedies with respect to that claim.

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Fisher, 169 F.3d at 302; Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. See Fisher, 169 F.3d at 302; Whitehead, 157 F.2d at 387. Although Mercadel arguably presented his Sixth Amendment claim to the Louisiana Supreme Court when he erroneously filed his habeas petition with that court, a claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (alteration and internal question marks omitted). The Louisiana Supreme Court was denied a fair opportunity to consider Mercadel's claim because Mercadel filed his state habeas petition improperly; his claim therefore remains unexhausted.

Respondents did not make this argument before the district court or on appeal; they focused solely (assuming that § 2254(d) would apply to Mercadel's application) on whether the Louisiana Supreme Court's denial of relief on Mercadel's claim was "an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The

9

state's implicit waiver of the exhaustion issue, however, is not determinative. Under AEDPA, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Id. § 2254(b)(3) (emphasis added). There is no evidence of such an explicit waiver in this case.

Mercadel's failure to exhaust notwithstanding, this court could reach the merits of his Sixth Amendment claim if we were convinced that it lacked merit. See id. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997), cert. denied, 118 S. Ct. 1845 (1998). We cannot avail ourselves of § 2254(b)(2) in this case, however, because Mercadel's claim that his attorney's filing of only an error-patent brief on appeal, which raised no specific grounds of error, and which did not conform to the withdrawal requirements outlined in Anders v. California, 386 U.S. 738 (1967), does not obviously lack merit. See Lofton v. Whitley, 905 F.2d 885, 890 (5th Cir. 1990) ("Because we cannot determine that there would have been no nonfrivolous grounds for appeal, and because Lofton's appellate counsel asserted no grounds for appeal yet failed to follow the Anders procedures, we hold that Lofton is entitled to [habeas] relief."); Lombard v.

10

<u>Lynaugh</u>, 868 F.2d 1475, 1484 (5th Cir. 1989) ("We conclude that although Lombard in form had the assistance of counsel on his direct appeal, counsel's performance was so pervasively defective, in that he took virtually no action at all on his client's behalf despite the presence of at least two clearly nonfrivolous appellate issues, that Lombard in substance was denied any effective assistance of counsel whatever on his direct appeal.").[4]

Although AEDPA makes clear that a federal court can deny relief on unexhausted claims, two of our recent cases suggest that the converse is not also true and that federal courts lack the power to <u>grant relief</u> on unexhausted claims. <u>See</u> <u>Alexander v. Johnson</u>, 163 F.3d 906, 908 (5th Cir. 1998); <u>Jones v. Jones</u>, 163 F.3d 285, 299 (5th Cir. 1998). In <u>Jones</u>, a panel of this court considered a habeas petitioner's claim that her trial counsel's performance violated her Sixth Amendment rights. The court denied the petitioner's claim on the merits, despite her

---

[4] We do not hold that Mercadel would necessarily be entitled to relief; his case is arguably distinguishable from <u>Lofton</u> and <u>Lombard</u> in that Mercadel does not identify any nonfrivolous issues that could have been raised in his direct appeal. In addition, Mercadel's conviction became final in 1980, and relief might be barred under the anti-retroactivity doctrine announced in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). However, we cannot say that "it is perfectly clear that the applicant does not raise even a colorable federal claim," <u>Granberry v. Greer</u>, 481 U.S. 129, 135 (1987), and denial of relief under § 2254(b)(2) is therefore inappropriate. <u>See</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 514-15 (3d Cir. 1997), <u>petition for cert. filed</u>, (U.S. Apr. 23, 1998) (No. 97-8812); <u>Hoxsie v. Kerby</u>, 108 F.3d 1239, 1242-43 (10th Cir.), <u>cert. denied</u>, 118 S. Ct. 126 (1997).

failure to exhaust her state court remedies, citing 28 U.S.C. § 2254(b)(2). See 163 F.3d at 299-307. In responding to the dissent's argument that the petitioner's Sixth Amendment challenge had merit, the majority stated that "although AEDPA gives a federal court the discretion to deny such [unexhausted] claims on the merits, notwithstanding the State's failure to expressly waive exhaustion, it does not authorize . . . granting habeas relief on unexhausted claims." Id. at 299. Similarly, in Alexander, we vacated a district court's grant of a writ of habeas corpus on a claim that had not been fairly presented to the state courts, stating that the district court lacked the power to grant the writ on an unexhausted claim absent an explicit waiver of the exhaustion requirement by the state. See 163 F.3d at 908-09. The Alexander panel explained the interplay between § 2254(b)(2) and § 2254(b)(3):

> Although AEDPA authorizes a district court to deny relief on an unexhausted claim, it does not authorize a district court to grant relief on an unexhausted claim unless the State, through counsel, expressly waives the requirement. The State has not done so in this case. Accordingly, the district court lacked the authority to grant relief on the state statutory ground.

163 F.3d at 908 (internal quotation marks and citations omitted). Admittedly, the issue in Alexander was whether the district court erred in raising sua sponte the issue of the constitutionality of a particular Texas statute. However, the analysis of the necessity to dismiss without prejudice an unexhausted claim in both Alexander and Jones is not limited to such situations; each

12

opinion makes clear that, absent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim. See also Larry W. Yackle, A Primer on the New Habeas Corpus Statute, 44 BUFF. L. REV. 381, 386 (1996) (stating that under AEDPA, when "a federal court initially thinks a claim is meritorious, the court may not act promptly but must withhold judgment while the prisoner first seeks relief in state court").

The general rule enforced by Alexander and Jones comports with the policy concerns underlying the exhaustion doctrine. The "exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's [sic] federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992) ("The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."). Thus, we have recognized that the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation. See Granberry, 481 U.S. at 135 ("[I]f it is perfectly clear that the applicant

13

does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith."); Jones, 163 F.3d at 299 ("[O]bviously, when a federal court denies habeas relief on the merits for an unexhausted claim, concerns for comity are much less compelling than when it grants relief on such a claim.").

Furthermore, we are mindful that "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies." Granberry, 481 U.S. at 131; see Bear v. Boone, No. 98-7043, 1999 WL 215721, at *1 (10th Cir. Apr. 14, 1999). No exception to the exhaustion requirement, such as the futility doctrine or the lack of an available remedy in the state court appears to apply to the circumstances of this case that would rebut this presumption.[5] Cf. Fisher, 169 F.3d at 303 (noting that exhaustion of state court remedies would be futile where highest state court recently rejected petitioner's claim). We therefore conclude that, even if we do have discretion to

---

[5] In fact, we note that the Louisiana Supreme Court has granted out-of-time appeals to state prisoners in situations similar to Mercadel's. See, e.g. State v. Hampton, 667 So. 2d 550 (La. 1996); State ex rel. Green v. Whitley, 625 So. 2d 1051 (La. 1993); State v. Robinson, 590 So. 2d 1185 (La. 1992).

14

consider Mercadel's petition on the merits and are not precluded from granting relief on an unexhausted claim by AEDPA, we would not choose to exercise such discretion in this case. Instead, we are convinced that the proper remedy is to dismiss Mercadel's petition without prejudice and allow him to pursue his claim in Louisiana state court. If, after exhausting his claim in the state courts, he is ultimately unsuccessful in obtaining relief, he can, of course, re-file his application in federal district court without having to contend with the requirements under AEDPA relating to successive habeas applications. See Alexander, 163 F.3d at 909.

### III. CONCLUSION

For the foregoing reasons, we VACATE the judgment and this case is REMANDED to the district court with instructions to dismiss without prejudice.