IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-40083

FREDERICK L. CLARK

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(4:97-CV-369)

January 10, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DUHÉ, Circuit
Judges.

PER CURIAM:[*]

Frederick Clark was charged with escaping from jail while
serving a forty-five year sentence. He pled guilty, even though
the court advised him that he was doing so without benefit of a
plea agreement, and that his sentencing exposure included life
imprisonment. Clark received a life sentence, stacked with his
forty-five year sentence.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clark appealed, challenging the admission of certain evidence as well as the court's decision to stack his sentences. The state appellate court affirmed, and Clark did not seek review by the Texas Court of Criminal Appeals. He then filed a state habeas petition. His argument was that his guilty plea was involuntary because counsel had told him he would receive a concurrent sentence of only forty-five years. The Texas Court of Criminal Appeals remanded this application for an evidentiary hearing.

As the trial court collected affidavits during this evidentiary hearing, new facts were unearthed that form the basis of the current habeas petition. Specifically, while Clark's counsel swore that no plea bargain offer was ever made, the District Attorney stated in a sworn affidavit that, on April 5, 1994, she sent to Clark's attorney an offer of a fifty-year sentence to run concurrently with Clark's prior forty-five year prison term if Clark pleaded guilty. The District Attorney recounted that she warned Clark's attorney that if Clark rejected the offer, she would request that the judge "stack" Clark's sentences. Furthermore, the District Attorney stated in her affidavit that, on April 26, 1994, she sent a second offer to Clark's attorney, reducing the proposed sentence to forty years. This offer was to remain open until May 20, 1994. The District Attorney stated that Clark did not accept either offer; and on June 22, 1994, Clark waived a jury trial and pleaded guilty without a plea bargain agreement.

As promised, the District Attorney requested that the trial court stack Clark's sentences. The court sentenced Clark to a life sentence to begin after Clark finished serving his prior forty-five year sentence.

Ruling on Clark's state habeas petition, the trial court found that counsel did not mislead Clark into thinking his exposure was only forty-five years, and that the trial court's admonishment during the plea colloquy ensured that Clark's plea was voluntary. The Texas Court of Criminal Appeals affirmed.

Clark then filed for federal habeas relief, arguing that his attorney's failure to communicate the plea offers constituted ineffective assistance of counsel. The district court held that Clark defaulted by failing to raise this question before the state court, and therefore dismissed with prejudice. Clark appeals.

Clark argues that his procedural default should be excused because he satisfies the cause and prejudice standard.[1] According to Clark, since his attorney failed to inform him of the plea offers, the existence of the plea offers constitutes newly discovered facts, and therefore cause.[2] Further, Clark argues, failure to inform him of the plea offers rendered his counsel ineffective, also providing cause for default.[3]

---

[1] *See Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[2] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[3] *See id.* at 494.

3

We decline to resolve this question, because Clark has not exhausted his state court options for pursuing this claim. Texas Criminal Procedure Code Article 11.07 §4(a) permits prisoners to file successive state habeas petitions if the "factual . . . basis for the claim was unavailable on the date the applicant filed the previous application."[4] Clark has not presented this claim to a Texas state court yet. Therefore, following the rule in this Circuit, we REVERSE and REMAND this case to the district court, with instructions to dismiss without prejudice.[5]

---

[4] Tex. Crim. P. Code art. 11.07§4(a).

[5] *See Mercadel v. Cain*, 179 F.3d 271, 275-77 (5th Cir. 1999) (holding that federal courts must withhold relief, even on meritorious habeas petitions, until prisoner has exhausted state court remedies).

4