IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30834

Summary Calendar
_____


LAWYER WINFIELD, JR

                              Petitioner - Appellant

        v.

BURL CAIN, Warden, Louisiana State Penitentiary

                              Respondent - Appellee


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3596-E
_____

January 15, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Lawyer Winfield, Jr. appeals the

district court's denial of his claim in his 28 U.S.C. § 2254

habeas petition that the state trial court's jury instructions

violated due process under Cage v. Louisiana, 498 U.S. 39 (1990).

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

The district court found the claim to be procedurally barred. Because we find that the Louisiana court of appeals reviewed Winfield's Cage claim on the merits, thus eliminating the state's contemporaneous objection rule as an independent and adequate state ground bar to federal review, we REVERSE the district court's judgment that the claim was procedurally barred and REMAND the case for consideration of the merits of Winfield's Cage claim.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lawyer Winfield, Jr. was convicted in a Louisiana state court on three counts of armed robbery.  He received a sentence of ninety-nine years on each count, to run consecutively, for a total of 297 years.  Winfield applied to the Louisiana Supreme Court for a writ of certiorari, which was denied on May 2, 1991.

On March 13, 1993, Winfield filed his first state application for postconviction relief.  On August 16, 1994, a Louisiana court of appeals denied relief, concluding that "[t]he claims raised by [Winfield] in his application for post conviction relief are without merit."  Winfield then sought relief from the Louisiana Supreme Court, which, in a single-word opinion, "denied" Winfield's application for writ of certiorari.

On December 11, 1997, Winfield filed a 28 U.S.C. § 2254 petition with the federal district court, asserting the same arguments raised in his state postconviction application.

Winfield argued, inter alia, that the trial court's jury instructions violated the rule in Cage v. Louisiana that such instructions on the meaning of "reasonable doubt" should not "suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard."  498 U.S. at 41.

In considering Winfield's application for habeas relief, the district court noted first that it was "unable to locate the[] jury instructions in the record."[2]  However, the district court concluded that "even assuming that Petitioner's recitation of the definition of 'reasonable doubt' given by the trial judge is correct, the Petitioner's arguments must fail" because Winfield had failed to object to the instructions when they were given. The court found that due to his lack of objection, Winfield had run afoul of Louisiana's "contemporaneous objection rule."  See Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir.) (citing State v. Hart, 691 So. 2d 651, 660 (La. 1997)), cert. denied, 528 U.S. 828 (1999).  As a result, the district court concluded that this

---

[2]  We assume that the district court was referring to the absence of the jury instructions from the state court trial record.  On December 16, 1997, the district court, by order of the magistrate judge, requested that the District Attorney file with the court the "entire state court record."  When the District Attorney was unable to locate the instructions, Winfield submitted to the court his sole copy (a copy of which is to be returned to him at the resolution of his application for habeas relief).  The state has not objected to the accuracy of the copy of the instructions that Winfield filed.  Therefore, we note that the instructions are in the habeas record for review on remand.

3

procedural default acted as an independent and adequate state ground, barring federal court review of Winfield's Cage claim.

Winfield filed a timely notice of appeal.

## II. DISCUSSION

Winfield filed his application for federal habeas relief after April 24, 1996, and therefore, it is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999). AEDPA provides that an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that adjudication was contrary to clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence." Jackson v. Johnson, 194 F.3d 641, 651 (5th Cir. 1999), cert. denied, 120 S. Ct. 1437 (2000); see also 28 U.S.C. § 2254(d) (2000). However, when a state court judgment that rejects a habeas petitioner's constitutional claim rests on an independent and adequate state procedural bar, a federal habeas court "may not review the merits of the federal claim absent a showing of cause and prejudice for the procedural default, or a showing that failure to review the claim would result in a complete miscarriage of justice." Muhleison, 168 F.3d at 843; see also Harris v. Reed, 489 U.S. 255, 262 (1989).

4

A habeas petitioner's "procedural default precludes federal habeas review . . . only if the last state court rendering a judgment in the case rests its judgment on the procedural default."  Harris, 489 U.S. at 262.  A state court must be explicit in its reliance on such a procedural default, see id. at 264, and complications may arise when the state court's opinion is ambiguous as to whether the court relied on a state procedural bar or whether the court rested its decision on a resolution of the federal claim on the merits.  See id. at 261, 263-64 (rejecting the state's contention that "if a state-court decision is ambiguous as to whether the judgment rests on a procedural bar, the federal court should presume it does").  When the state court rests on the latter, the federal constitutional claim is "properly before the federal courts" and is, therefore, subject to review.  See Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999).

The "last state court" to render judgment on Winfield's claim was the Louisiana Supreme Court, with its one-word opinion. Because the court's decision was "silent" as to its reasons for denial of Winfield's application for writ of certiorari, we must "'look through' to the last clear state decision on the matter." Jackson, 194 F.3d at 651; see also Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991) ("We think that a presumption which gives [unexplained orders] no effect — which simply 'looks through'

5

them to the last reasoned decision — most nearly reflects the role they are ordinarily intended to play." (emphasis omitted)).

The last clear decision was that of the Louisiana court of appeals, which denied Winfield's request for relief on the basis that his claims were "without merit."  We conclude that because the state court of appeals did not explicitly state that it was relying upon a procedural default and, instead, found that Winfield's claims had no merit, the "contemporaneous objection rule" does not act as an independent and adequate state ground barring review of the merits.  See Bledsue, 188 F.3d at 256 ("[T]o prohibit our collateral review the state court must have expressly relied on the procedural bar as a basis for disposing of the case.").[3]  Therefore, the standard of review in § 2254(d) applies, and the merits of Winfield's federal constitutional claim must be reviewed.  See id. at 257; see also Harris, 489 U.S. at 263-64.

## III.  CONCLUSION

---

[3]    Because we find the state court of appeals decision to be unambiguous, it is unnecessary for us to engage in the traditional three-part test employed by this circuit in determining whether a decision rested on a procedural bar or on a consideration of the merits.  See Mercadel, 179 F.3d at 274 (articulating the test as "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits" (quoting Green v. Johnson, 116 F.3d 1115, 1121 (5th Cir. 1997)).

For the foregoing reasons, the district court's judgment denying habeas relief is REVERSED, and the case is REMANDED for consideration of the merits of Winfield's <u>Cage</u> claim.