IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50760
Summary Calendar
_____

WESLEY VINSON,

Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-104-SS
--------------------
March 29, 2002

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wesley Vinson, Texas prisoner # 466636, has appealed the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Vinson argues that John Cornyn, the Attorney General of Texas, is vicariously liable for the actions of his agents, the Texas officers who extradited him from Ohio to Texas.  He also argues that Cornyn is responsible for the injuries he has received from other inmates since his return to prison in Texas.  Vinson has not shown that Cornyn was personally involved in the alleged constitutional violations and has not

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shown a pattern of widespread abuse regarding extradition practices by Texas officers or the injuries he has allegedly received from other inmates.  Cornyn is not vicariously liable for the actions of his subordinates.  See Thompkins v. Belt, 828 F.2d 298, 30304 (5th Cir. 1987).

Vinson also argues that he has exhausted his state remedies concerning his habeas claims.  However, Vinson has not cited or presented copies of state court decisions establishing that he raised these claims in the state's highest court.  Therefore, he has not shown that the district court erred in dismissing his habeas claims without prejudice for failure to exhaust his state remedies.  See Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).  Further, the district court for the Western District of Texas was not the proper venue for filing the petition because Vinson is in custody in the Northern District of Texas.  See 28 U.S.C. § 124; see also Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

The district court's dismissal of his 42 U.S.C. § 1983 claims as frivolous and for failure to state a claim and the dismissal of his habeas claims without prejudice as unexhausted count as a strike under 28 U.S.C. § 1915(g).  See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998).  The dismissal of this appeal as frivolous also counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Vinson is cautioned that if he accumulates a third strike under 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal while he

is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Vinson's motions for attorneys' fees and for injunctive relief are DENIED.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.