# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-50427
Summary Calendar

JAVIER MARQUEZ WENCESLAO

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-628

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Javier Marquez Wenceslao, Texas state prisoner # 1228047, pleaded guilty to burglary of a habitation with intent to commit sexual assault and endangering a child and was sentenced to sixty years and two years of imprisonment respectively, with the sentences to be served consecutively. This appeal arises from the district court's denial of Wenceslao's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court granted Wenceslao a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability on whether the imposition of consecutive sentences violated his federal due process rights. Based on the following reasons, Wenceslao is procedurally barred from receiving a determination on the merits of his claim.

Texas Penal Code § 3.03(a) provides that when a defendant is "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action . . . the sentences should run concurrently." Wenceslao argues that this statute is mandatory and creates a substantial legitimate sentencing expectation and that the arbitrary deprivation of this expectation may create an independent federal constitutional violation pursuant to *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). The State argues that Wenceslao is not entitled to habeas relief because he failed to exhaust his state court remedies. *See Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

This court reviews de novo whether a federal habeas petitioner exhausted all available state court remedies. *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the state's highest court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (internal citation and quotations omitted). The petitioner must provide the state court a "'fair opportunity to pass upon the claim." *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). The exhaustion requirement is not satisfied where the petitioner sets out new legal theories or factual claims in his federal habeas petition. *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).

In his state habeas application, Wenceslao did not assert that his federal due process rights had been violated nor did he provide a *Hicks* analysis. Because Wenceslao failed to present the Texas Court of Criminal Appeals (CCA) with a constitutional claim that described both the operative facts and the federal legal theory upon which the claim was based, his claim is unexhausted. *See Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

In addition, if Wenceslao were to advance his claim in a successive state habeas petition, the Texas CCA would find the claim barred by the Texas abuse-of-writ doctrine. *See* TEX. CODE CRIM. P. ANN. art. 11.071 § 5(a). Therefore, Wenceslao procedurally defaulted on his unexhausted claim. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (internal citation and quotations omitted). Wenceslao has not demonstrated either cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (internal quotation marks and citation omitted)*; Neville*, 423 F.3d at 480. Accordingly, we are barred from making a determination on the merits of Wenceslao's federal due process claim. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.