# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20446

ANTONIO F. COX,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2776

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Antonio F. Cox filed a petition for a writ of habeas corpus challenging his convictions for aggravated assault. The district court granted summary judgment in favor of the Director and dismissed Cox's habeas petition with prejudice. At the time of the district court's ruling, Cox had not yet exhausted his state court remedies. We granted Cox a limited certificate of appealability

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20446

("COA").  Because Section 2254 expressly authorizes a federal court to deny an unexhausted claim on the merits, and the lack of merit in these claims was clear, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2007, Cox was convicted by a jury in Harris County, Texas of two counts of aggravated assault and was sentenced to twenty-seven years in prison.  Cox's conviction and sentence were affirmed on direct appeal by a state court of appeals in March 2009.  He did not seek discretionary review by the Texas Court of Criminal Appeals.

Cox then filed an application for post-conviction relief in state court in April 2010, claiming that: (1) his counsel had been ineffective at trial and on appeal, (2) the prosecution used race-based peremptory challenges when seating the jury, (3) a request for a jury instruction was wrongly denied, (4) his right to a speedy trial was violated, and (5) the trial judge made improper comments.

While his state habeas application was still pending, Cox filed a habeas application in the United States District Court for the Southern District of Texas in September 2012, raising largely the same claims.[1]  *See* 28 U.S.C. § 2254.  Cox acknowledged that he had failed to exhaust his state court remedies but argued that because his state habeas petition had been pending for over a year, the federal court could excuse the exhaustion requirement and decide his claim on the merits.

The Director moved for summary judgment, requesting that Cox's application be dismissed for failure to exhaust state court remedies or, in the alternative, stayed pending exhaustion.  The Director argued that the state

---

[1] Cox also argued in his federal habeas petition that the trial court improperly admitted extraneous evidence, but he did not raise the claim that a jury instruction was wrongly denied.

2

court's delay in addressing Cox's petition was partly his own fault and thus he was not entitled to relief from the exhaustion requirement. Alternatively, the Director argued that the claims were procedurally barred and meritless.

In May 2013, the Harris County District Court adopted the state's proposed findings of fact and conclusions of law and recommended that Cox's habeas application be denied. Cox's state court application was then forwarded to the Texas Court of Criminal Appeals.

In July 2013, while Cox's state habeas application was pending on appeal, the federal district court denied his Section 2254 application in a written memorandum opinion and order. The district court did not evaluate the issue of exhaustion, simply noting: "The Court will consider petitioner's grounds without regard to exhaustion as they are without merit." After addressing the merits of Cox's application, the court granted summary judgment in favor of the Director and dismissed the suit with prejudice. The district court also denied Cox's request for a COA.

Cox then sought a COA from this court, arguing that because his state habeas proceeding was still pending at the time of the district court's ruling, the federal habeas court owed no deference to the state habeas court and he was entitled to an evidentiary hearing in federal court. Cox also argued that the district court erred by failing to consider a newly filed attorney affidavit produced during the state habeas proceedings. In granting Cox a limited COA, we explained that all of these issues "touch on the propriety of the district court's consideration of claims for which Cox did not exhaust his state court remedies . . . ." Accordingly, we limited the COA "to the question whether a remand is necessary under *Graham v. Johnson*, 168 F.3d 762, 778 (5th Cir. 1999)." We also instructed the parties to explain the current status of Cox's state habeas proceedings.

No. 13-20446

DISCUSSION

"In an appeal of the district court's denial of habeas relief, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo . . . ." *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citation and quotations omitted).

We granted Cox a COA to address the narrow issue of whether a remand to the district court was necessary. In *Graham*, the case cited in the COA, this court examined the law governing unexhausted federal habeas applications. 168 F.3d at 778. We explained that a federal district court must generally dismiss habeas petitions containing both unexhausted and exhausted claims rather than hold the suit in abeyance pending exhaustion. *Id.* This court acknowledged, though, that "because exhaustion is based on comity rather than jurisdiction, there is no absolute bar to federal consideration of unexhausted habeas applications." *Id.* (citations omitted). "[U]nder certain circumstances, a federal court may consider an unexhausted habeas application." *Id.* (quoting *Granberry v. Greer*, 481 U.S. 129, 134–35 (1987)).

In a later decision, we noted that the express language of the federal habeas statute authorizes a federal court to reach the merits of an unexhausted claim. *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999). Section 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." This court clarified the meaning of this provision in *Mercadel*, noting that a federal court may only deny an unexhausted claim on the merits if the court is convinced the claim has no merit. 179 F.3d at 276. A claim lacks merit if "'it is perfectly clear that the applicant does not raise even a colorable federal claim.' " *Id.* at n.4 (quoting *Granberry*, 481 U.S. at 135).

4

No. 13-20446

The express language of Section 2254(b)(2) authorizes a federal court to deny an unexhausted claim on the merits. This court has limited this provision to situations where the court is convinced that the petitioner's claims lack merit. *See id.* at 276. In this case, the court specified that it would consider Cox's claims without regard to exhaustion because they were meritless.

Thus, the relevant consideration is whether it was "perfectly clear" that there was no merit to any of Cox's claims. If it was clear, there is no need to remand to the district court. We now examine those claims.

## I. Improper Comments During Voir Dire

Cox claims that the trial judge violated his due process rights by making improper comments during voir dire. Cox references several statements made by the trial judge to jury members. The trial judge offered several reasons why a defendant may decide not to testify at trial. The court then emphasized that, regardless of a defendant's reasons for not testifying, jurors cannot hold his failure to testify against him. Cox suggests that these statements "were calculated to wrongfully impute guilt to [the] defendant." The district court rejected Cox's claim, explaining that the trial court's statements sought "to uphold, not undermine, petitioner's presumption of innocence and his right not to testify." We agree. The record does not suggest that these comments were "of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify," as required to raise a constitutional violation. *United States v. Rocha*, 916 F.2d 219, 232 (5th Cir. 1990) (citation and quotations omitted).

## II. Improper Extraneous Offense Evidence

Cox also asserts that the trial court violated his due process rights by allowing evidence of third-party threats to be admitted into evidence.

5

Specifically, Cox claims that the trial court erred by allowing a witness to testify that Cox's daughter threatened to shoot at the victim's house. The trial court also allegedly erred by allowing another witness to testify that a man named "Black" threatened to kill the victim's family should Cox be convicted.

A determination of whether this evidence was properly admitted is unnecessary. "The erroneous admission of prejudicial evidence will justify habeas relief only if the admission was a crucial, highly significant factor in the defendant's conviction." *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citation omitted). A defendant must also show that an alleged error "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (citation and quotations omitted). Cox has not shown that the testimony concerning the third-party threats was a crucial or highly significant factor in his conviction. He also has not shown that the testimony had a substantial or injurious effect on the jury's verdict. Because Cox has failed to make this showing, his alleged due process violation is meritless.

*III*. Batson *Violation*

Cox next argues that the state violated *Batson v. Kentucky*, 476 U.S. 79 (1986), by using six of its ten peremptory strikes on black jurors. This court reviews a trial court's ruling on a *Batson* claim for clear error. *See Snyder v. Louisiana*, 552 U.S. 472, 477 (2008). A *Batson* challenge involves three steps. *United States v. Pratt*, 728 F.3d 463, 474 (5th Cir. 2013). First, the defendant must establish a prima facie case that the state exercised its peremptory challenges on the basis of race. *Id.* If this requisite showing is made, the burden then shifts to the state to present a race-neutral explanation for each strike. *Id.* Finally, if the government presents race-neutral reasons, the

burden shifts back to the defendant to prove purposeful discrimination. *Id.* (citation omitted).

Cox argues that two jurors were improperly struck on the basis of race. Cox's counsel raised these concerns at trial. The state responded by providing race-neutral reasons for striking each of these jurors. The state explained that one juror was struck because he was a janitor; the other was struck because she sat with her arms crossed. This court has previously recognized occupations and non-verbal signs of hostility as proper race-neutral reasons for striking jurors. *See United States v. Wallace*, 32 F.3d 921, 925 (5th Cir. 1994). Because the state presented valid race-neutral reasons for striking each of the jurors, the burden shifted back to the defendant to prove purposeful discrimination. Cox has failed to satisfy this burden and his alleged *Batson* violation is thus meritless.

*IV. Speedy Trial*

Cox also claims that his right to a speedy trial was violated. The Supreme Court has identified four factors that must be balanced when evaluating speedy trial claims: (1) length of the delay, (2) reason for the delay, (3) the defendant's diligence in asserting his rights, and (4) prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). This court has explained that the first three *Barker* factors must be weighed together against the last factor, prejudice. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). "Obviously, in this balancing, the less prejudice a defendant experiences, the less likely it is that a denial of a speedy trial right will be found." *Id.* And, "[o]rdinarily, the burden of demonstrating such prejudice rests on the defendant." *Id.* (citation omitted).

Cox asserts that thirty-one months elapsed between the time the complaint was brought against him and the time he was brought to trial. The

record reflects that, during that time, Cox agreed to eleven continuances and moved for a continuance on the day of trial.  But the record also indicates that Cox filed four pro se speedy trial motions during this time.  These facts must be weighed against any prejudice caused by the delay.  Cox claims that he was prejudiced because, by the time his case went to trial, one of his potential witnesses had been called for military duty in Iraq and was unavailable to testify.

Weighing all of the factors, we conclude that Cox has failed to show a constitutional violation.  While the first factor, a thirty-one month delay, weighs in favor of Cox, the other factors do not.  Under the second factor, the facts show that Cox agreed to the multiple continuances by signing the agreed reset forms.  Under the third factor, the record shows that Cox made several pro se speedy trial motions.  But during the same time period, Cox consented to continuing the trial.  Finally, Cox's claim of prejudice is weak.  He has failed to show that the unavailable witness would have testified or the contents of his testimony.  We find no speedy trial violation.

*V. Ineffective Assistance of Counsel*

Finally, Cox argues that he received ineffective assistance of counsel both at trial and on appeal.   Trial counsel allegedly failed to investigate and call witnesses, specifically EMS personnel, a medical expert, and a firearm expert, to support his theory of self-defense.  Cox also claims counsel was ineffective in seeking a continuance after the state and defense had rested.

A claim of ineffective assistance of counsel is analyzed using the familiar two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688.  To satisfy this burden, a defendant must overcome the "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance . . . ." *Id.* at 689. Second, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The district court determined that Cox failed to satisfy this standard. We agree. The claim that trial counsel was ineffective in failing to make an adequate investigation of potential witnesses fails because Cox has provided nothing more than conclusory allegations. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citation and quotations omitted). Bare allegations, like Cox's, are insufficient. *Id.*

The same is true for Cox's claim that counsel was ineffective in failing to call these witnesses at trial. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (citation and quotations omitted). As a result, to prevail on such a claim, a defendant has the difficult burden of "nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense." *Id.* (citation and quotations omitted). The district court correctly concluded that Cox's speculative allegations are insufficient to satisfy this burden. Cox has failed, through affidavits or otherwise, to demonstrate that these witnesses would have testified; identify the content of their testimony; or support that their testimony would have been favorable.

Cox has also failed to show that counsel's request for a continuance was unreasonable. The record reflects that counsel moved for a continuance

No. 13-20446

because one of the police officers he subpoenaed had failed to answer the subpoena. The trial court denied counsel's motion after the state indicated that the officer was unavailable because he was in Iraq. Cox has failed to demonstrate that counsel acted unreasonably in moving for a continuance. This claim is meritless.

Cox also argues that his appellate counsel was ineffective because he failed to raise the issues presented in this habeas proceeding on direct appeal. We have concluded that all of the issues that Cox has raised are meritless. Cox's appellate counsel cannot be said to have acted unreasonably by failing to raise meritless claims.

## CONCLUSION

Section 2254(b)(2) and this court's precedent allow a federal court to deny an unexhausted claim on the merits if the claims are found to be meritless. Because Cox's claims are meritless, the district court acted within its statutory authority in denying Cox's unexhausted claims on the merits.

AFFIRMED